**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ERIC ADAMS et al.,

                 Plaintiffs,

v.

3M COMPANY and AEARO
TECHNOLOGIES LLC,

                 Defendants.

Civil No.  21-903 (JRT/KMM)

---

PETER BARHAM et al.,

                 Plaintiffs,

v.

3M COMPANY and AEARO
TECHNOLOGIES LLC,

                 Defendants.

Civil No.  21-905 (JRT/KMM)

---

MARK BLIVEN et al.,

                 Plaintiffs,

v.

3M COMPANY and AEARO
TECHNOLOGIES LLC,

                 Defendants.

Civil No.  21-908 (JRT/KMM)

---

MICHAEL COOK et al.,

                            Plaintiffs,

v.

                                               Civil No.  21-909 (JRT/KMM)

3M COMPANY and AEARO
TECHNOLOGIES LLC,

                            Defendants.

---

BRENT JACOBS et al.,

                            Plaintiffs,

v.

                                               Civil No.  21-910 (JRT/KMM)

3M COMPANY and AEARO
TECHNOLOGIES LLC,

                            Defendants.

---

WILLIAM ACKERMAN et al.,

                            Plaintiffs,

v.

                                               Civil No.  21-1098 (JRT/KMM)

3M COMPANY and AEARO
TECHNOLOGIES LLC,

                            Defendants.

---

JAMES PERRY,

                            Plaintiff,

v.

                                         Civil No.  21-1101 (JRT/KMM)

3M COMPANY and AEARO
TECHNOLOGIES LLC,

                            Defendants.

MATTHEW KEEN,

                        Plaintiff,

v.

                                        Civil No.  21-1104 (JRT/KMM)

3M COMPANY and AEARO
TECHNOLOGIES LLC,

                        Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND

Daniel E. Gustafson and Amanda M. Williams, **GUSTAFSON GLUEK PLLC**, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402; Alicia N. Sieben, Matthew James Barber, and William R. Sieben, **SCHWEBEL GOETZ & SIEBEN PA**, 80 South Eighth Street, Suite 5120, Minneapolis, MN 55402, for plaintiffs;

Benjamin W. Hulse and Jerry W. Blackwell, **BLACKWELL BURKE PA**, 431 South Seventh Street, Suite 2500, Minneapolis, MN 55415, for defendants.

Plaintiffs wore Combat Arms Earplugs, Version 2 (the "CAEv2"), manufactured by Defendants 3M Company and Aearo Technologies LLC (collectively, "3M"), to protect against loud and damaging sounds.  Plaintiffs filed actions in Minnesota state court, alleging that 3M failed to provide adequate instructions and warnings concerning how to properly wear the CAEv2 and, as a result, that they now suffer from hearing loss and/or tinnitus.  3M removed Plaintiffs' actions, arguing that the Court has jurisdiction over Plaintiffs' failure-to-warn claims.  Because of the Court's earlier rulings in related cases,

3M is precluded from asserting, as grounds for removal, the government contractor defense, the combatant activities exception, and federal question jurisdiction with respect to claims arising in Iraq and Afghanistan. Additionally, 3M fails to establish federal question jurisdiction with respect to claims arising in Japan. In sum, the Court lacks subject matter jurisdiction over Plaintiffs' claims, and the Court will therefore grant Plaintiffs' Motions to Remand.

## BACKGROUND

### I. FACTUAL BACKGROUND

Plaintiffs wore the CAEv2 when performing tasks that exposed them to loud, high-pitched noises, either as civilian employees, overseas civilian contractors, or recreationally. (*See, e.g.*, ECF 21-903, Adams Compl. ¶¶ 48–49, 204–05, Apr. 1, 2021, Docket No. 1-1; ECF 21-909, Cook Compl. ¶¶ 13–17, 21–24, Apr. 1, 2021, Docket No. 1-1.) Plaintiffs allege that they never received instructions to fold back the third flange of the CAEv2 earplug or a warning that the earplug would be ineffective if they did not do so and, as a result, they now suffer from hearing loss and/or tinnitus. (*See, e.g.*, Adams Compl. ¶¶ 50–51.)

### II. PROCEDURAL BACKGROUND

Plaintiffs filed their actions in Minnesota state court, asserting product liability claims based on 3M's alleged failure to warn regarding how to properly fit and safely wear the CAEv2. (*See, e.g.*, *id.* ¶¶ 240–54.) 3M subsequently gave notice of removal, arguing

that the Court has subject matter jurisdiction over some claims based solely on the

government contractor defense, (*see, e.g.,* ECF 21-903, Adams Notice of Removal at 4,

Apr. 1, 2021, Docket No. 1), and over other claims based on (1) the government contractor

defense, (2) the combatant activities exception, and (3) because the United States

exercised exclusive jurisdiction over lands in Afghanistan, Iraq, and Japan where certain

Plaintiffs allegedly suffered injury, (*see, e.g.*, ECF 21-909, Cook Notice of Removal at 3–4,

16–18, Apr. 1, 2021, Docket No. 1.)  Plaintiffs then filed Motions to Remand for lack of

subject matter jurisdiction.  (*See, e.g.*, ECF 21-903, Adams Mot. Remand, May 3, 2021,

Docket No. 7.)

## DISCUSSION

### I.      STANDARD OF REVIEW

A defendant may remove a civil action to federal court only if the action could have

been filed originally in federal court.  *See* 28 U.S.C. § 1441(a); *Gore v. Trans World Airlines*,

210 F.3d 944, 948 (8th Cir. 2000).  "A defendant is not permitted to inject a federal

question into an otherwise state-law claim and thereby transform the action into one

arising under federal law."  *Gore*, 210 F.3d at 948 (citing *Caterpillar Inc. v. Williams*, 482

U.S. 386, 392 (1987)).  Instead, as the party seeking removal and opposing remand, a

defendant bears the burden of establishing federal subject matter jurisdiction.  *In re Bus.*

*Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).  All doubts about federal

jurisdiction must be resolved in favor of remand.  *Dahl v. R.J. Reynolds Tobacco Co.*, 478

F.3d 965, 968 (8th Cir. 2007).

## II.    ANALYSIS

In related cases, the Court previously concluded that 3M failed to raise colorable

government contractor and combatant activities defenses with respect to the tortious

conduct alleged here.  *Copeland v. 3M Co.*, No. 20-1490, 2020 WL 5748114, at *3 (D. Minn.

Sept. 25, 2020); *Graves v. 3M Co.*, 447 F. Supp. 3d 908, 916 (D. Minn. 2020); *see also*

*Bischoff v. 3M Co.*, No. 20-1984, 2021 WL 269076, at *3–6 (D. Minn. Jan. 27, 2021).  The

Court also previously concluded that 3M failed to show that federal question jurisdiction

extended to claims arising in Iraq and Afghanistan as a result of the alleged tortious

conduct.  *Bell v. 3M Co.*, No. 21-382, 2021 WL 1864034, at *2, *2 n.5 (D. Minn. May 10,

2021); *Allen v. 3M Co.*, No. 20-2380, 2021 WL 1118026, at *2 n.1 (D. Minn. Mar. 24, 2021);

*Sultan v. 3M Co.*, No. 20-1747, 2020 WL 7055576, at *9 (D. Minn. Dec. 2, 2020).  Given

that 3M has already litigated these three jurisdictional grounds—grounds identical to the

ones asserted here—and that the Court issued final judgments remanding the previous

actions for lack of subject matter jurisdiction, 3M is precluded from asserting these

grounds for removal.  *See Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007); *see also*

*Sandy Lake Band of Mississippi Chippewa v. United States*, 714 F.3d 1098, 1102–04 (8th

Cir. 2013).

Regarding federal question jurisdiction with respect to CAEv2-related claims alleged to have arisen in Japan, 3M references two cases and a bilateral agreement between Japan and the United States, maintaining that they demonstrate that the United States exercised exclusive jurisdiction over lands upon which Plaintiff Cook's injuries allegedly arose.  The Court disagrees.

*Bell v. Arvin Meritor, Inc.* is inapposite, as it only considered federal enclave jurisdiction under Article I of the Constitution, which is not at issue here.  *See* No. 12-00131, 2012 WL 1110001, at *2 (N.D. Cal. Apr. 2, 2012).  The other case, *United States v. Corey*, held that Congress intended its proscription of sexual assault within the "special maritime and territorial jurisdiction of the United States" to extend to military bases in Japan.  232 F.3d 1166, 1169–72 (9th Cir. 2000); *see also* 18 U.S.C. § 7 (defining "special maritime and territorial jurisdiction" for purposes of Title 18).  However, a statute extending the jurisdiction of federal criminal laws is obviously of no relevance to a products liability action.  Additionally, 3M fails to point to any other statute for the Court to discern that Congress similarly intended to extend the reach of federal jurisdiction into Japan to encompass the type of failure-to-warn claims at issue here.

As to the bilateral agreement between Japan and the United States, it only mentions torts in regard to acts or omissions done in Japan by members or employees of the United States armed forces; and, even then, it does not confer exclusive jurisdiction to the United States. *See* Agreement Under Article VI of the Treaty of Mutual Cooperation

and Security Between the United States of America and Japan, Regarding Facilities and Areas and the Status of United States Armed Forces in Japan ("SOFA"), art. XVIII, Jan. 19, 1960, 11 U.S.T. 1652.[1] Moreover, while broad language elsewhere in the agreement may "confer upon Congress the legislative jurisdiction to prescribe and enforce the laws necessary for the management and security" of military bases in Japan, *Corey,* 232 F.3d at 1181 (referencing SOFA, art. III), 3M points to no affirmative action taken by Congress to prescribe or enforce a law in regard to products liability claims arising on such military bases.

In sum, the Court finds that 3M fails to establish federal question jurisdiction with respect to Plaintiff Cook's claim.   As the other asserted grounds for removal are precluded, the Court concludes that it lacks subject matter jurisdiction over all claims and will therefore grant Plaintiffs' Motions to Remand.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motions to Remand:

1.   Adams et al., CV21-903, Docket No. 7;

2.   Barham et al., CV21-905, Docket No. 7;

3.   Bliven et al., CV21-908, Docket No. 7;

4.   Cook, CV21-909, Docket No. 8;

---

[1] Available on Westlaw, at 1960 WL 57244.

5.    Jacobs, CV21-910, Docket No. 7;

6.    Ackerman, CV21-1098, Docket No. 7;

7.    Perry, CV21-1101, Docket No. 7; and

8.    Keen, CV21-1104, Docket No. 6

are **GRANTED.**

      **LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  July 29, 2021
at Minneapolis, Minnesota.

                JOHN R. TUNHEIM
                Chief Judge
         United States District Court